PER CURIAM.
This is a workmen’s compensation case. October 28, 1956, the claimant, a used car salesman, while in the course of his em~ *318 ployment, suffered a compensable injury (whiplash injury while operating an automobile). The employer and carrier furnished the claimant doctors’ care and medical treatment for a time, then cut off said care and treatment.
April 4, 1958, a claim was filed for additional compensation and medical care. Pursuant to this claim the deputy commissioner conducted two hearings, one on July 11, 1958, and the second or final hearing was held February 3, 1959. These hearings resulted in the first compensation order of the deputy commissioner which was entered March 11, 1959, which was based on an agreed stipulation of the parties and provided for compensation to the claimant based on 35'% disability of the body as a whole (10% orthopedic and 25% psychiatric) ; it fixed the date of maximum medical improvement as of the date of the last hearing, February 3, 1959; held the cause open for re-evaluation of the 25% psychiatric disability for a period of one year from date of the last hearing, February 3, 1959, and upon the request of either party, the order provided that it would be unnecessary for either of them to resort to § 440.28, Florida Statutes, to obtain such re-evaluation. The deputy’s authority to reserve jurisdiction is not raised by the parties nor determined in this opinion.
Subsequently the claimant by letter dated January 15, 1960, and filed with the deputy commissioner January 18, 1960, requested another hearing for the purpose of securing a re-evaluation of the psychiatric disability etc. of the claimant. This request was granted and the hearing was held on March 18, 1960, pursuant to claim of March 4, 1958. This hearing resulted in the compensation order of the deputy commissioner of May 17, 1960. This order was reviewed and reversed by the full commission, whose order of reversal we are now urged to quash on certiorari.
At the hearing on March 18, 1960, only one doctor testified (his testimony appears on pages 186-217 of Vol. 2 of the Record for Review). The hospital records of Jackson Memorial Hospital were also admitted in evidence at this hearing, as will appear from page 183, Vol. 2, Record for Review. Based primarily on the testimony of the said doctor, the deputy commissioner entered his compensation order May 17, 1960, whereby he extended the date of maximum medical improvement from February 3, 1959, indefinitely (see compensation order, par. #2, page 226, Vol. 2, Record for Review). In addition to such extension of the date of maximum medical recovery, the deputy commissioner ordered additional medical treatment and compensation to be paid claimant for temporary total disability. The effect of this last order was to set aside the stipulated order of the parties which in effect provided that the claimant had a 35% permanent partial disability of the body as a whole.
On review the full commission reversed the compensation order of the deputy commissioner dated May 17, 1960, and dismissed the petitioner’s claim, holding that there was no competent substantial evidence to support the findings and order of the deputy commissioner.
We are confronted with an appeal by certiorari directed to the order of the Florida Industrial Commission. Petitioner has raised two points on certiorari: (1) Whether or not the compensation order of the deputy commissioner dated March 11, 1959, became final under § 440.25(4), Florida Statutes 1959, F.S.A., and (2) whether or not the deputy commissioner’s compensation order dated May 17, 1960, was supported by competent substantial evidence.
In response to the first point, we do not believe the compensation order of the deputy commissioner entered March 11, 1959, became final twenty days after copies were mailed to the parties as required by § 440.25(4), Florida Statutes, F.S.A. We think said order would have become final one year and twenty days after February 3, 1959, for the reason that the deputy commissioner expressly held the *319 order open for re-evaluation upon the request of either party within one year of the date of the last preceding hearing, February 3, 1959. To further evidence this intention on the part of the deputy commissioner to keep the cause open for further evaluation on the psychiatric aspect, attention is directed to the deputy commissioner’s compensation order of May 17, 1960, wherein said order was entered pursuant to final hearing on March 8, 1960. Furthermore, if the compensation order of March 11, 1959, had become final no “hearing” could have been held to change said order, hut claimant would have had to resort to the provisions of § 440.28, Florida Statutes, F.S.A., to modify said order.
In answer to point #2, we have concluded, after reading the testimony of the doctor, that there is competent substantial evidence of the continuing disability of the claimant, from a psychiatric standpoint, but no competent substantial evidence which would merit the deputy commissioner’s finding and order that the degree of psychiatric disability attributable to the compensable injury, in 1956 exceeded that which was stipulated and agreed upon between the parties, to wit, 25% psychiatric. The orthopedic disability aspect was not considered by the deputy.
It follows that the full commission be, and is hereby, affirmed in its reversal of the compensation order of the deputy commissioner dated May 17, 1960, and that it be reversed with respect to its dismissal of petitioner’s claim in toto. It is further ordered that the deputy commissioner’s findings and order entered March 11, 1959, be reinstated. This will in effect continue the payment of compensation to the petitioner on the basis of 35% permanent partial disability of the body as a whole.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, DREW and HOBSON (retired), JJ., concur.